# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

UNITED STATES OF AMERICA

v.

JANEL MARIE SKINNER
a/k/a Janel Dufour

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
*(Changes Identified with Asterisks (*))*

Case Number:  03-cr-00408-02-WDM

USM Number:  32089-013

Thomas J. Hammond, Retained
(Defendant's Attorney)

**Date of Original Judgment:**  June 29, 2005

**Reason for Amendment:**  Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36).

**THE DEFENDANT:**  Pleaded guilty to counts 1 and 62 of the Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud, Aiding and Abetting | 01/28/99 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining counts of the Indictment are dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

June 27, 2005
Date of Imposition of Judgment

s/ Walker D. Miller
Signature of Judge

Walker D. Miller, U.S. District Judge
Name & Title of Judge

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM

June 16, 2006

_____

                                                              Date

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 215(a)(1) and 2 | Giving Commission or Gift for Procuring Loans, Aiding and Abetting | 02/05/01 | 62 |

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM                    Judgment-Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months and 1 day as to each of counts 1 and 62, to run concurrently.

The court recommends that the Bureau of Prisons designate the defendant to a facility in Phoenix, Arizona, for service of her sentence.

The defendant shall surrender for service of sentence at the institution designated by the United States Bureau of Prisons before noon on July 25, 2005.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM

By_____

Deputy United States Marshal

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM                          Judgment-Page 5 of 8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to count 1 and five (5) years as to count 62, to run concurrently.

The defendant must report to the probation office in the district to which she is released within 72 hours of her release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM                                   Judgment-Page 6 of 8

9)      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10)     The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14)     The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless she is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2)      Employment must be approved in advance by the supervising probation officer.

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 and 62 | $200.00 | $0.00 | *$825,783.17 |
| **TOTALS** | $200.00 | $0.00 | *$825,783.17 |

*The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| *Fairbanks Capital Corporation<br>3815 South West Temple<br>Salt Lake City, Utah 84115-4412<br>Attn:  Maureen Norwood,<br>Compliance/Corporate Legal Dept.<br>Re:  Lee and Maryann Sandoval<br>Loan | $48,591.90 | $48,591.90 | |
| *US Bank<br>2555 South Colorado Boulevard,<br>Suite 30<br>Denver, Colorado  80222<br>Attn:  Mark Fix, US Bank Corporate<br>Security<br>RE:  Skinner loans | $777,191.27 | $777,191.27 | |
| **TOTALS** | $825,783.17 | $825,783.17 | |

*Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM                                                                 Judgment-Page 8 of 8

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM                                    Judgment-Page 9 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

*The special assessment fees are due in full immediately.  Disbursement of restitution payments is deferred until the balance of the Court registry accounts totals at least $1,000. The balance of the monetary obligations shall be paid in equal monthly installments of at least $300 during the term of supervised release.

*The restitution obligation shall be joint and several with similar obligations to pay restitution imposed on Thomas Skinner, Case No. 03-cr-00408-01-WDM.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

*Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.

DEFENDANT:  JANEL MARIE SKINNER
CASE NUMBER:  03-cr-00408-02-WDM

# STATEMENT OF REASONS

**The court adopts the presentence report with its recommended application of the United States Sentencing Guidelines (Guidelines) except as modified at sentencing and in this Statement.**

The United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, makes the Guidelines advisory.  The Court has considered them with the sentencing factors set forth in 18 U.S.C. § 3553(a) when determining the sentence.

## ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):

Total Offense Level:  17

Criminal History Category:  I

Imprisonment Range:  24 to 30 months

Supervised Release Range:  3 to 5 years

Fine            $5,000    to  $1,000,000
Range:

The fine is waived because of the defendant's inability to pay.

## RESTITUTION DETERMINATIONS

Total Amount of Restitution:  *$825,783.17

## DEPARTURE

The sentence departs below the advisory guideline range for the following reasons:

In accordance with the plea agreement, the Government moved, pursuant to U.S.S.G. § 5K1.1, for a departure of 25% from the bottom of the total offense level because of the defendant's substantial assistance.  This establishes a total offense level 13.  A total offense level 13 and a criminal history category I establishes a guideline range of 12 to 18 months and a fine range of $3,000 to $1,000,000.

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.") No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.